UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED KING,<br><br>            Plaintiff,<br><br>    v.<br><br>R.W. CAPPEL, et al.,<br><br>            Defendant. | No. 2:18-cv-0389 KJM AC<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee.

    I.     <u>Statutory Screening of Prisoner Complaints</u>

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. Allegations of the Complaint

The complaint alleges that plaintiff was transferred from Solano State Prison to Avenal

State Prison in the spring of 2012, although he was a chronic care patient suffering from an unspecified lung disease and Avenal's location presented a known and substantial risk of exposure to Valley Fever. Plaintiff objected to the named defendants[1] both before and after his transfer to Avenal that this placement was medically contraindicated because of his susceptibility to Valley Fever. Defendants deliberately disregarded plaintiff's pleas, and as a result he contracted Valley Fever and almost died. Plaintiff seeks compensatory and punitive damages.

III. Discussion

The Ninth Circuit held on February 1, 2019, that California prison officials are entitled to qualified immunity in cases alleging exposure to Valley Fever, because an Eighth Amendment right to be free from heightened risk to exposure is not clearly established. Hines v. Youseff, 914 F.3d 1218 (9th Cir. 2019).[2] The court reasoned as follows:

> The inmates allege that the defendant state officials violated the Eighth Amendment's prohibition on "cruel and unusual punishments" by being deliberately indifferent to the inmates' heightened risk of getting Valley Fever. The district courts in Smith, Gregge, and Hines held that the officials are entitled qualified immunity against those claims. Reviewing de novo, we affirm. Any Eighth Amendment right to be free from heightened risk of Valley Fever was not clearly established when the officials acted.
>
> [. . .]
>
> To determine whether an official is entitled to qualified immunity, we ask two questions: (1) whether the official's conduct violated a constitutional right; and (2) whether that right was "clearly established" at the time of the violation. Helling v. McKinney[, 509 U.S. 25 (1993)] sets out the constitutional framework for Eighth Amendment claims about involuntary exposure to environmental hazards. It held that an Eighth Amendment claim against an official for unconstitutional prison conditions requires an inmate to prove both an objective and a subjective factor.
>
> For the objective factor, inmates must establish "that it is contrary to current standards of decency for anyone to be . . . exposed against his

---

[1] The CSP Solano defendants are the Associate Warden and a correctional Captain; the Avenal defendants are a "Classification Staff Representative," the Chief Medical Officer, and two doctors. ECF No. 1 at 2.

[2] This opinion decided four consolidated appeals from the Fresno Division of this court. In each case the district court had found qualified immunity appropriate. See Hines v. Youseff, No. 1:13-cv-00357-AWI-JLT; Jackson v. Brown, No. 1:13-cv-01055-LJO-SAB; Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB; Gregge v. Yates, No. 1:15-cv-00176-LJO-SAB.

> will" to the hazard. This "requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused." Instead, courts must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to "expose anyone unwillingly to such a risk," meaning that the risk "is not one that today's society chooses to tolerate."
>
> For the subjective factor, inmates must show that the official is "deliberately indifferent" to the inmate's suffering. In Farmer v. Brennan, [511 U.S. 825, 847 (1994)] the Supreme Court explained that this standard means that an official is liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."
>
> The courts below did not decide whether exposing inmates to a heightened risk of Valley Fever violates the Eighth Amendment. Neither do we. Instead, we go straight to the second prong of the qualified immunity analysis: whether a right to not face a heightened risk was "clearly established" at the time. A right is clearly established if it was "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." That is, the issue must have been "beyond debate." In determining what is clearly established, we must look at the law "in light of the specific context of the case, not as a broad general proposition."
>
> Applying those principles to the cases at hand, we conclude that the specific right that the inmates claim in these cases—the right to be free from heightened exposure to Valley Fever spores—was not clearly established at the time. A reasonable official could have concluded that the risk was not so grave that it violates contemporary standards of decency to expose anyone unwillingly to such risk, or that exposure to the risk was lawful.

Hines, 914 F.3d at 1228-29 (footnotes omitted).

Although the opinion did not specify the timeframe applicable to its qualified immunity analysis, review of the underlying district court decisions reveals that at least one inmate had sued over a transfer in May of 2012. Jackson v. Brown, 134 F. Supp. 1237, 1240 (E.D. Cal. 2015). In the instant case, plaintiff's claims are based on his transfer to Avenal State Prison and subsequent retention there, in April and May of 2012. ECF No. 1 at 4, 5; see also Exhibits to Complaint. Accordingly, plaintiff's claims fall squarely within the temporal scope of Hines' holding.[3]

////

---

[3] See also Hines, 941 F.3d at 1231 (noting that the appellant inmates "fault the officials for not following various recommendations made before 2013.").

4

The Hines court found first that there was no controlling authority, or "robust consensus of persuasive authority," as needed to "clearly establish" an Eighth Amendment right to be free from exposure to Valley Fever. Id. at 1229-30.[4] The Hines court also found that general principles of Eighth Amendment jurisprudence were insufficient to place the Valley Fever liability question "beyond debate." Id. at 1230-31. Among other things, the court noted that the ongoing involvement of the Plata court and the Receiver in developing and implementing Valley Fever protocols, which were in flux from approximately 2005 through 2015, was inconsistent with prison officials' individual liability for violation of "clearly established" rights. The court also noted that millions of free citizens live in the Central Valley and parts of Arizona where Valley Fever is endemic. "Where large numbers of people are exposed to a known risk, and yet no societal consensus has emerged that the risk is intolerably grave, a reasonable official can infer that the risk is one society is prepared to tolerate, like the risk of being injured or killed in a traffic accident." Id. at 1231. For these reasons, the court held that qualified immunity applied.

Before and since Hines, many district court judges have dismissed Valley Fever cases on qualified immunity grounds, and these dismissals have been routinely affirmed in light of Hines. See, Tung v. Newsom, No. 1:13-cv-0269-DAD-EPG, aff'd, 771 Fed. Appx. 843 (9th Cir, 2019) (citing Hines); Duran v. Lewis, No. 1:16-cv-0468-AWI-SAB, aff'd, 771 Fed. Appx. 828 (9th Cir. 2019) (citing Hines); Honesto v. Newsom, No. 1:17-cv-0467-LJO-EPG, aff'd, 771 Fed. Appx. 834 (9th Cir. 2019) (citing Hines); Smith v. Yates, No. 1:07-cv-1547-SRB, aff'd, 772 Fed. Appx. 444 (9th Cir. 2019) (citing Hines).

Under Hines, the defendants named in the instant complaint are likewise immune from suit. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (qualified immunity "is an immunity from suit rather than a mere defense to liability."). Accordingly, the PLRA requires dismissal. See 28 U.S.C. § 1915A(a) (court must dismiss complaints seeking monetary relief from a

---

[4] Even if plaintiff's claims accrued later than those at issue in Hines, the state of controlling and persuasive authority on this point has not changed and therefore remains insufficient to clearly establish the principle on which plaintiff relies. The district court decision in Jackson, affirmed by the Ninth Circuit in Hines, expressly found that the right to be free from exposure to Valley Fever had not been clearly established by the time the district court ruled in 2015. Jackson, 134 F. Supp. at 1240.

5

defendant who is immune from such relief); Chavez v. Robinson, 817 F.3d 1162, 1169 (9th Cir. 2016) (statutory language permits sua sponte, pre-service dismissal on grounds of qualified immunity as well as absolute immunity).  Because Hines is binding on this court and leaves no room for plaintiff to overcome qualified immunity, the complaint must be dismissed without leave to amend.

## CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b) and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 4, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE